988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James GREEN, Defendant-Appellant.
 No. 92-10428.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the District of Hawaii, No. CR-91-01752-01-DA; David A. Ezra, District Judge, Presiding.
 D.Hawaii
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 MEMORANDUM**
 James Green appeals from his 87-month sentence, imposed following a guilty plea, for voluntary manslaughter in violation of 18 U.S.C. § 1112. Green contends that the district court erred by adjusting his offense level under the United States Sentencing Guidelines for committing an abuse of trust in the homicide of his five-month-old daughter. He argues that family relationships are not positions of trust under the Guidelines, and that the adjustment "double counted" his conduct because he also received an adjustment due to the vulnerability of the victim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 We review de novo the district court's application of the Sentencing Guidelines, while reviewing for clear error its factual finding that a defendant abused a position of trust. United States v. Foreman, 926 F.2d 792, 794-95 (9th Cir.1991).
 "Unless the conduct punished by one guideline is akin to a 'lesser included offense' of another guideline, considering the same act in applying two guidelines isn't double counting." United States v. Snider, 976 F.2d 1249, 1252 (9th Cir.1992) (upholding adjustments for both obstruction of justice and causing serious bodily injury where defendant beat and threatened the victim of his offense).
 
 
 1
 A two-level upward adjustment in the defendant's offense level is appropriate if the defendant abused a position of public or private trust "in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3 (emphasis added); see Foreman, 926 F.2d at 796 (police officer's use of her position to facilitate drug smuggling was abuse of trust regardless of whether she also succeeded in using it to conceal the offense after completion).
 
 
 2
 A two-level upward adjustment is also appropriate "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age." U.S.S.G. § 3A1.1; see United States v. White, 974 F.2d 1135, 1140 (9th Cir.1992) (applying adjustment under section 3A1.1 to defendant convicted of involuntary manslaughter in beating death of two-year-old); United States v. Boise, 916 F.2d 497, 506 (9th Cir.1990) (applying adjustment to defendant who caused death of six-week-old infant and noting that a victim can be found vulnerable solely on account of age), cert. denied, 111 S.Ct. 2057 (1991).
 
 
 3
 Here, Green pleaded guilty to voluntary manslaughter after he admitted causing his infant daughter's death by beating her on the head. The district court applied upward adjustments under sections 3B1.3 and 3A1.1, finding that Green had abused his position of trust with the baby and also that the baby was unusually vulnerable due to her age. The district court drew a distinction between Green's status and that of the baby, noting that a stranger who broke into the house and assaulted the baby would also qualify for a vulnerable victim adjustment under section 3A1.1 even though there would be no abuse of trust involved.
 
 
 4
 Green argues, first, that the adjustment for abuse of trust is inapplicable to his offense because his parental relationship with the baby did not facilitate concealment of the offense. Alternatively, Green contends that the district court erroneously "double counted" the victim's status by adjusting his offense level due to the baby's vulnerability as well as for abuse of trust. These arguments lack merit.
 
 
 5
 We have no difficulty agreeing with the district court's conclusion that as the baby's father, Green held a position of trust which facilitated his assault against her. Green not only had access to the baby, he was in a position to conceal her injuries or fabricate an exculpatory explanation of them.[1] The enhancement applies if the defendant's position facilitated commission or concealment of the offense, whether or not it facilitated both. See Foreman, 926 F.2d at 796-97. Consequently, the fact that Green's parental status made him the prime suspect once his abuse resulted in the baby's death does not preclude the abuse of trust adjustment.
 
 
 6
 We reject the double-counting argument as well. The harm caused by the defendant's abuse of his own status is different from the harm caused by exploitation of the victim's status. See generally Snider, 976 F.2d at 1252 (a single act can offend against two different interests). Here, the adjustment for abuse of trust applied to Green's offense because of his parental relationship with the victim, not because of her infant status. One does not have to have a trust relationship with a vulnerable person before that trust can be abused. See, e.g., Foreman, 926 F.2d at 796-97. The Guidelines do not indicate and we have never held that application of both adjustments to the same offense is inappropriate. See generally U.S.S.G. §§ 3A1.1, 3B1.3; Snider, 976 F.2d at 1252. Accordingly, we find no error.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Green's argument that mere access to the baby would create the same degree of trust and responsibility borne by the parents overlooks the fact that when a noncustodial person abuses a child, the child's custodians have the opportunity to discover the injury. Similarly, his attempt to equate beating a baby with spousal abuse overlooks the fact that spouses do not exercise authority over one another as a parent exercises authority over a child